FRANK HOLDSWORTH AND UNIVERSAL SECURITY COMPANY, RELATORS, v. FRANK HAGUE, WILLIAM B. QUINN, JOHN BEGGANS, MICHAEL I. FAGAN AND ARTHUR T. POTTERTON, COMMISSIONERS OF JERSEY CITY, THE MAYOR AND ALDERMEN OF JERSEY CITY, AND EDWARD J. SPOERER, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, DEFENDANTS.

Argued January 21, 1930—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relators, *Richard Doherty*.

For the defendants, *Thomas J. Brogan* and *Charles Hershenstein*.

PER CURIAM.

This is a rule to show cause directed to the commissioners of Jersey City requiring them to show cause why a peremptory writ of *mandamus* should not issue commanding them to issue to the relators a permit for the erection of a building at 78 Sip avenue, Jersey City, in accordance with the application of the relators.

Looking at the depositions it is seen that the relators desired to erect a one-story structure resembling a railway dining-car to be used as a restaurant at Journal Square, Jersey City, where many large buildings are located. The dining-car as proposed seems to be of one story, twelve feet high, with three chimneys.

It appears that the application was made to the building department and was referred to the city commissioners. After a hearing the permit was denied by the commissioners. The resolution denying the permit says that the erection of "said dining-car at the place desired would be inappropriate, would not be desirable in the neighborhood, would, from experience, attract loiterers and undesirable people and would be detrimental to public health, safety and the general welfare of citizens in that community."

It seems to appear that Jersey City has a zoning ordinance which does not forbid a one-story building, and whether it permits a structure such as this designed for a restaurant is not clear from the record, the ordinance not being printed. It does, however, appear that such zoning ordinance "regulates type and uses to which buildings are to be put." It further appears that on November 13th, 1929, the city had

in preparation another zoning ordinance, but the record is silent as to whether or not it has since been adopted.

In this state of uncertainty as to the pertinent factual situation, and in view of the reasons given by the commissioners for the refusal of the permit, we think that the proper course is to award an alternative writ of *mandamus* in order that thereby, with the return and other pleadings, the issue may be framed. An alternative writ is awarded accordingly.